IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RENETTA VANCE HOWARD AND**
**VEIONISIA VANCE**
                                                                                        **PLAINTIFFS**

V.                                    CAUSE NO.: 3:12-cv-00424 HTW-LRA

**JERRY MOORE, IN HIS OFFICIAL AND PERSONAL**
**CAPACITIES, PRECIOUS T. MARTIN, INDIVIDUALLY,**
**SUZANNE KEYS, INDIVIDUALLY, JAMES A. BOBO,**
**INDIVIDUALLY, AKERS & BOBO, PLLC**
**PRECIOUS T. MARTIN, SR. & ASSOCIATES, PLLC**
**RICKY MCCLINTON AND DOE DEFENDANTS 1-10**

                                                                                        **DEFENDANTS**

## FIRST AMENDED COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW the Plaintiffs, Renetta Vance Howard and Veionisia Vance (hereafter "Plaintiffs") and files this First Amended Complaint against the Defendants Jerry Moore, in his official and personal capacities, Precious T. Martin, Individually, Suzanne Keys, Individually, James A. Bobo, Individually, Akers & Bobo, PLLC, Precious T. Martin, Sr. & Associates, PLLC, Ricky McClinton, and Doe Defendants 1-10 (collectively hereafter "Defendants"). In support thereof, Plaintiffs would show unto this Honorable Court the following:

**[INTENTIONALLY LEFT BLANK]**

1

I.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as, at least one claim, arises under the Constitution, laws, or treaties of the United States.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the counts giving rise to this claim occurred in Mississippi.

II.

**PARTIES**

3. Plaintiff Renetta Vance Howard is an adult resident of Hinds County, Mississippi whose address is 2180 Clinton-Raymond Road, Bolton, MS 39041.

4. Plaintiff Veionisia Vance is an adult resident of Hinds County, Mississippi whose address is 2180 Clinton-Raymond Road, Bolton, MS 39041.

5. Defendant Jerry Moore, upon information and belief, is an adult resident citizen of Hinds County, Mississippi and may be served with process at 407 E. Pascagoula St., Jackson, MS 39201.

6. Defendant Precious T. Martin is an adult resident citizen of Madison County, Mississippi and may be found and served process at 821 North Congress Street, Jackson, MS.

7. Defendant Suzanne Keys is an adult resident of Mississippi and may be served with process at 821 North Congress Street, Jackson, MS.

8. Defendant James Bobo is an adult resident of Mississippi and may be served with process at 20 Eastgate Drive, Suite D, Brandon, MS.

2

9. Defendant Previous T. Martin, Sr. & Associates, PLLC is a Mississippi professional limited liability company and may be served through its registered agent, Precious T. Martin, Sr., at 821 North Congress Street, Jackson, MS.

10. Defendant Akers & Bobo, PLLC is a Mississippi professional limited liability company and may be served through its registered agent, Michael Akers, at 20 Eastgate Drive, Suite D, Brandon, MS.

11. Defendant Ricky McClinton is an adult resident citizen of Sunflower County, Mississippi and may be served with process at 125 North Davis, Indianola, MS or 207 Patricia Drive, Indianola, MS.

12. Doe Defendant 1 is an African American female who was driving a black Cadillac vehicle who trespassed upon the property located at 2180 Clinton-Raymond Road, Bolton, MS on or about June 22, 2012 to take Wyvonia D. McClinton.

13. Doe Defendants 2-10 are other individuals, persons, corporations, partnerships, corporate persons or entities who may be liable for all or part of the negligible acts or omissions committed resulting in the subject incident which involved and resulted in the damages sustained by the Plaintiff, and in whom Plaintiff may seek recovery of damages. Plaintiff has done an investigation to identify said individuals, persons, corporations, partnerships, corporate persons or entities, but is currently unable to identify said without discovery.

**FACTS**

14. On May 25, 2012, Shyeuna and Kyeuna Vance, while exercising along Highway 80, stopped to assist a disabled motorist whose vehicle stalled in the highway. Unfortunately, at that time, James O. Williams was traveling on Highway 80 and without

3

warning crashed into the rear of the disabled vehicle killing Kyeuna Vance and severely injuring Shyeuna Vance.

15. At the time of Kyeuna Vance's death, she had three minor children out of wedlock—Wyvonia D. McClinton, LazHarria R. Johnson, and DaeJohn J. Sanford.

16. The putative, but non-adjudicated, fathers executed contracts with Sweet & Associates to pursue a wrongful death action and joined in Renetta Vance Howard's Petition to Establish Guardianship so that Mrs. Howard could legally, properly handle the minors affairs as well as to file a wrongful death action against Mr. James O. Williams and Shelter Insurance Companies.

17. Howard's Petition to Establish Guardianship sought guardianship over the person and estate of Wyvonia D. McClinton because it was in the "best interest" of the minor child because of Ricky McClinton's past.

18. In the past, Ricky McClinton has been charged with multiple violent offenses.  In fact, a few weeks before the death of the minor's child mother, McClinton was arrested for domestic violence against the minor child's mother, drug possession and gun possession  in Clinton, MS.

19. Additionally, and more disturbing, Brenda McClinton, Ricky McClinton's wife, filed a complaint against him for sexually molesting his teenage daughter.  More specifically, Mrs. McClinton informed the police that she had witnessed her husband in the teenager's room, she had found a condom wrapper on the floor, she saw a "wet" spot in the bed, and, sadly, the teenager informed her that they had been having sex.

20. Renetta Vance Howard ("Howard") filed her Petition to Establish Guardianship (of Wyvonia D. McClinton) and Ricky McClinton joined in the Petition.

21. As a result of Howard's Petition to Establish Guardianship, Hinds County Chancery Court Judge William Singletary executed an Order appointing Renetta Vance Howard as guardian.

22. Despite the "best interest of the minor," upon information and belief, Precious T. Martin, Sr., Suzanne Keys, James Bobo and other agent of Akers & Bobo, PLLC and Precious T. Martin, Sr. & Associates, PLLC ( collectively referred to as "Martin") repeatedly contacted Ricky McClinton—the putative, non-adjuducated, father of Wyvonia D. McClinton in an effort to represent Wyvonia D. McClinton as a wrongful death beneficiary of Kyeuna Vance. At some point after Howard filed the Petition to Establish Guardianship, but before Judge William Singletary signed an Order, Martin convinced McClinton to employ them, to file another guardianship and to file a wrongful death action on behalf of Wyvonia D. McClinton.

23. On June 11, 2012, despite a previously filed Petition to Establish Guardianship (for Wyvonia D. McClinton), Martin presented another petition and order establishing guardianship to Hinds County Chancery Court Judge Dewayne Thomas. Judge Thomas executed an Order appointing Ricky McClinton as guardian and allowing him to file a lawsuit on the minor's behalf.

24. During this time, Wyvonia D. McClinton was living with Howard, her grandmother, at 2180 Clinton-Raymond Road, Bolton, MS 39041.

25. On or about June 22, 2012, Plaintiff was home at 2180 Clinton-Raymond Road, Bolton, MS with her grandchildren.

26. Upon information and belief, Defendants Martin and Jerry Moore met to discuss Defendant Jerry Moore ("Moore") taking Wyvonia D. McClinton from 2180 Clinton-Raymond Road, Bolton, MS.

27. Upon information and belief, Defendants Ricky McClinton, Doe Defendant 1, Jerry Moore, and Martin met to discuss the taking and it was determined that Defendant Ricky McClinton and Doe Defendant 1 would go to 2180 Clinton-Raymond Road, Bolton, MS.

28. Defendant Jerry Moore, without a warrant or a valid court document and without permission, appeared at Howard's front door demanding entrance.

29. Defendant Ricky McClinton and Doe Defendant 1 appeared and entered Howard's property at 2180 Clinton-Raymond Road, Bolton, MS without permission.

30. Howard did not open the door. Defendant Jerry Moore became agitated and started kicking the door. Upon information and belief, Defendant Jerry Moore radioed the Hinds County Sheriff Department for "back-up," because, upon information and belief, Defendant Jerry Moore knew the Sheriff Department's presence would intimidate Howard.

31. Upon information and belief, Defendant Jerry Moore informed Hinds County Sheriff Department deputies that he had a valid court order to remove Wyvonia D. McClinton from 2180 Clinton-Raymond Road, Bolton, MS when, in fact, he only had an Order establishing a guardianship and he knew he did not have an Order to remove the minor child from 2180 Clinton-Raymond Road, Bolton, MS.

32. When the Hinds County Sheriff Department arrived, Defendant Jerry Moore began kicking the door again and threatening to have everyone inside arrested. After breaking the door jam, Defendant Jerry Moore then forcefully entered the property under color of law and took Wyvonia D. McClinton.

33. Defendant Jerry Moore then gave Wyvonia D. McClinton to Ricky McClinton and Doe Defendant 1 who took the minor away without being restrained in a seat belt nor a child safety seat, in violation of Mississippi law.

34. Defendant Jerry Moore conducted an illegal search and seizure of Renetta Vance Howard, Wyvonia D. McClinton and Veionisia Vance.

35. Defendant Jerry Moore conducted the illegal search in the presence of several Hinds County Sheriff Deputies. Plaintiff Veionisia Vance repeatedly asked why is he doing this and asked to see the Order.

36. Defendant Jerry Moore refused to allow Plaintiff Veionisia Vance or any other person read the Order. Plaintiff Veionisia Vance continued to ask to see the Order—as a result, she was arrested.

37. Upon Veionisia Vance's arrest, she was searched and placed in the patrol car in the presence of several civilians and Hinds County Sheriff Deputies. However, upon booking at the Hinds County Sheriff Department, it was stated that she had marijuana in her possession. While she was in custody—albeit wrongfully, upon information and belief, the marijuana, if it actually exists, was placed on her person by Defendant Jerry Moore or Doe Defendant 2.

38. The actions of the Defendants occurred in the presence of other minor children and onlookers.

## CLAIMS FOR RELIEF
### COUNT I - Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### ( General Allegations)

39. Plaintiffs re-allege and incorporate herein the foregoing allegations of this Complaint as if set forth herein in their entirety.

40. In committing the acts complained of herein, Defendant Jerry Moore acted under color of state law to deprive Plaintiffs Renetta Vance Howard and Veionisia Vance of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to

the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right to be free from false arrest.

41. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted a warrantless search and seizure. These actions set into motion the chain of events that led to an illegal search and seizure, in violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

42. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

43. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II.  CIVIL CONSPIRACY

44. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

45. On information and belief, Defendants conspired to commit the acts set forth in this Complaint.

46. Defendants combined and had a meeting of minds to commit unlawful actions against Plaintiffs including but not limited to false arrest, violation of civil rights, interference with contract.

47. As a result of Defendants' actions, Plaintiffs have been and continue to be damaged in an amount to be proven at trial.

48. Defendants' actions were willful, malicious and deliberate entitling Plaintiffs to an award of actual, consequential and punitive damages.

### COUNT III:  ABUSE OF PROCESS

49. Plaintiffs re-allege and incorporate by reference the allegations contained in each preceding paragraph.

50. The Defendants had ulterior motives at all relevant times described herein.

51. Upon information and belief, the Defendants collectively did maliciously, without justification therefore, instigated the wrongful removal of the minor child without a valid court order described herein and caused the destruction of said property when the Defendants knew or should have known they did not have a legal basis to be on Plaintiffs' property, among other things.

52. Based on the facts apparent to the Defendants when the minor was removed, no reasonable or honest belief existed that Judge Thomas' order allowed them to forcefully remove the minor from 2180 Clinton-Raymond Road, Bolton, MS or to enter upon the property to search and seize the Plaintiffs or the minor child.

53. There are no set of facts can be proven by these Defendants to show that they had a subjective, honest belief in the reasonableness of the removal of the minor child or destruction of Plaintiffs property or any objective reasonable grounds supporting such a belief.  No reasonable person under these circumstances would have proceeded in the manner the Defendants proceeded against the Plaintiffs.

54. The Defendants acted with clear malice and reckless disregard in destroying the personal property of law abiding citizens and to remove the minor child.  More specifically, upon information and belief, the Defendants' primary purpose was clearly one

other than looking out for the best interest of the minor child—rather, it was purely pecuniary in nature.

55. As a direct and proximate result of the above-mentioned acts of the Defendants, Plaintiffs sustained damages.

56. The conduct of Defendants was perpetrated with actual malice and ill will toward Plaintiffs, and with the intentional and improper purpose of causing damage. There was no justifiable cause for Defendants' actions.

## PUNITIVE / EXEMPLARY DAMAGES

Pursuant to Miss. Code Ann. § 11-1-65, Plaintiffs seek punitive and/or exemplary damages against any and all defendants not covered under the Mississippi Tort Claims Act.

## RIGHT TO AMEND PURSUANT TO FED. R. CIV. P. 15

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to name additional defendants should later facts establish that others are liable herein, and to add causes of action.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants the above damages, including actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that the Defendants be cited to appear and answer and that upon final hearing, Plaintiffs have judgment of and from the Defendants, jointly and severally, for:

(1) Past physical pain and mental suffering;

(2) Future physical pain and mental suffering;

(3)   Past and future mental anguish;

(4)   Past necessary medical expenses;

(5)   Future necessary medical and other expenses that, in reasonable probability, will be sustained;

(6)   Past and future physical impairment;

(7)   Past and future loss of enjoyment and quality of life;

(8)   Actual, incidental and consequential damages;

(9)   Punitive and exemplary damages in an amount above the minimum jurisdictional limits of the court;

(10)  Pre-judgment interest at the maximum legal rate for all damages suffered;

(11)  Post-judgment interest at the maximum legal rate for all damage suffered;

(13)  Reasonable attorneys' fees and costs of court, and

(14)  For such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

Dated: July 2, 2012

Respectfully submitted,

**RENETTA VANCE HOWARD et al**

By:     /s/ Thomas J. Bellinder
          Thomas J. Bellinder

**Of Counsel:**
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax